# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| KERN COUNTY SUPERINTENDENT OF SCHOOLS-VALLEY OAKS CHARTER SCHOOL TEHACHAPI,<br><br>Plaintiff,<br><br>v.<br><br>A.C., individually, and by and through her guardian ad litem GUSTAVO CORTES, and GUSTAVO CORTES,<br><br>Defendants. | 1:18-cv-01331-LJO-SAB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>(ECF No. 6) |
|---|---|

## I. INTRODUCTION

On September 26, 2018, Plaintiff Kern County Superintendent of Schools – Valley Oaks Charter School Tehachapi ("KCSOS-VOCS") filed the instant motion for a temporary restraining order. ECF No. 6. By its motion, KCSOS-VOCS seeks to enjoin Defendants A.C. (through Guardian Ad Litem Gustavo Cortes) and Gustavo Cortes from proceeding with a request for due process under the Individuals with Disability Education Act ("IDEA") recently filed before the Office of Administrative Hearings ("OAH").

## II. BACKGROUND

Plaintiff contends that the request for due process, filed by Defendants on July 16, 2018, concerns the same subject as a previous request for due process involving the same parties that was decided by the OAH and is currently before this Court on appeal. Plaintiff moved to dismiss the instant request for due process before the OAH, arguing that the new request was barred by claim preclusion.

1

The ALJ concluded that the second request for due process was not barred by claim preclusion. Plaintiff contends that this determination by the ALJ was in error. On that basis, Plaintiff asks this Court to enjoin the OAH proceeding through a temporary restraining order.

### III. DISCUSSION

**A.     Temporary Restraining Order Standard**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *R.F. by Frankel v. Delano Union Sch. Dist.*, 224 F. Supp. 3d 979, 987 (E.D. Cal. 2016). Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id.*

**B.     Application**

In applying the test, the Court focuses on the second factor – the likelihood that the moving party will suffer irreparable harm absent relief. Here, Plaintiff asserts that it is likely to suffer irreparable harm if the OAH proceeding is not enjoined because it will be required to expend costs to defend a duplicative action, which it will not be able to recover from Defendants. ECF No. 6 at 9. Plaintiff also suggests that it may suffer harm in the form of inconsistent or conflicting judgments if the proceeding is allowed to go forward. *Id.*

To the extent that Plaintiff suggests that it will suffer irreparable harm because it must "spend resources to defend against . . . meritless claims" the Court notes that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 736 n.20 (9th Cir. 2017) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1 (1974)) (quotation marks omitted); *see also KEE Action Sports, LLC v. Shyang*

*Huei Indus. Co.*, No. 3:14-CV-00071-HZ, 2014 WL 5780812, at *4 (D. Or. Nov. 5, 2014) ("The cost of litigation is not irreparable harm") (citation omitted)). With respect to Plaintiff's argument about the risk of inconsistent factual determinations if the second action proceeds, there is no reason that Plaintiff's concern that claim preclusion ought to apply cannot be remedied through the normal process of adjudication and appeal. Even if Plaintiff is correct that the ruling was in error, an error of law on the part of the ALJ is not an irreparable injury.

Plaintiff has not asserted any legally cognizable irreparable injury in connection with its motion for a temporary restraining order. Therefore, Plaintiff has not met its burden under the preliminary injunction test, and the Court need not address the other elements of the test. Accordingly, the motion for a temporary restraining order is DENIED.

## IV. CONCLUSION AND TEMPORARY RESTRAINING ORDER

For the reasons set forth above, Plaintiff's motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue against A.G. and Gustavo Cortes **is DENIED**.

IT IS SO ORDERED.

Dated: **September 28, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE