# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KERN COUNTY SUPERINTENDENT OF SCHOOLS – VALLEY OAKS CHARTER SCHOOL TEHACHAPI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**A.C., individually, and by and through her guardian ad litem GUSTAVO CORTES, AND GUSTAVO CORTES,**<br><br>**Defendants.** | 1:18-cv-01331-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SANCTIONS (ECF NO. 13)** |

## I. BACKGROUND

This case arises out of an underlying dispute between the parties over the provision of educational services to A.C., a young adult who is eligible for special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*. Generally, IDEA operates to ensure that children with disabilities have access to a Free and Appropriate Public Education ("FAPE") that meets their unique needs. *Honig v. Doe*, 484 U.S. 305, 309 (1988).

In 2016, a dispute arose pertaining to the provision of services to A.C. In an initial administrative ruling, in Office of Administrative Hearings ("OAH") Case No. 2016040211, Kern County Superintendent of Schools – Valley Oaks Charter School Tehachapi ("KCSOS-VOCS") was ordered to provide A.C. residential treatment. *See* ECF No. 13 at 2. Eventually, A.C. was placed in residential treatment program in San Diego. *Id.*

A second dispute arose about how A.C.'s needs were to be met after she aged out of the San

1

Diego residential treatment program. *Id*. According to A.C. and her guardian, as part of an October 2017 Individualized Education Plan ("IEP"), KCSOS-VOCS agreed to fund A.C.'s continued attendance at the San Diego facility as a day student, while providing funding that would allow A.C.'s parents to reside nearby to provide her with housing and transportation. *Id*. A.C. filed OAH Case No. 2017110316, alleging that KCSOS-VOCS had not been abiding by this agreement. *Id*. This OAH case was resolved in KCSOS-VOCS's favor, with the Administrative Law Judge ("ALJ") finding that A.C.'s guardian had not unconditionally consented to any of the options offered to her in the October 2017 IEP. *Id*. at 4. A.C. and her guardian are appealing that final administrative decision in this Court under Case No. 1:18-cv-00909-LJO-JLT.

A.C. and her guardian filed yet another OAH complaint on July 16, 2018 (OAH Case No. 2018070796), this time arguing that KCSOS-VOCS denied A.C. a FAPE by failing to provide A.C. and her family with prior written notice that it did not consider the October 2017 IEP consented to. ECF No. 13 at 4. In late August 2018, KCSOS-VOCS moved to dismiss the OAH complaint on *res judicata* grounds. *Id*. at Ex. A. The ALJ denied the motion, ruling that the earlier administrative decisions had not decided the issue of prior written notice. *Id*. at Ex. C. KCSOS-VOCS renewed the motion to dismiss in mid-September 2018. *Id*. at Ex. D. The ALJ denied the motion for reconsideration on September 21, 2018. *Id*. at Ex. F.

Plaintiff filed this lawsuit on September 26, 2018, seeking declaratory and injunctive relief against a then-ongoing administrative proceeding in OAH Case No. 2018070796. ECF No. 2. On the same day, Plaintiff also filed a request for a temporary restraining order ("TRO") seeking an "injunction or holding" precluding the OAH proceeding from continuing. ECF No. 6. On September 29, 2018, the Court denied *sua sponte* the TRO request because Plaintiff failed to demonstrate cognizable irreparable injury. ECF No. 11. A few days later, following Defendants' conditional voluntary dismissal without prejudice of OAH Case No. 2018070796, *see* ECF No. 13, Ex. G, Plaintiff voluntarily dismissed this case. ECF No. 12.

Shortly thereafter, Defendants filed a motion for sanctions, asserting that this lawsuit was frivolous and seeking $500 in sanctions to cover a portion of the legal expenses incurred by Defendants. ECF No. 13. Plaintiff opposes imposition of sanctions. ECF No. 14.

## **II. DISCUSSION**

Federal Rule of Civil Procedure 11 provides the relevant standard, requiring anyone making a representation to the Court to certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff correctly points out that under the so-called "safe harbor" provision contained within Federal Rule of Civil Procedure 11(c)(2), a party moving for sanctions must first provide notice and a reasonable opportunity to withdraw the challenged representation, normally within 21 days after notice is provided. Here, this provision has not been satisfied, as the offending representations were effectively withdrawn by way of voluntary dismissal within 21 days of the filing of the Complaint.

The Court, after proper notice and an opportunity to be heard, may impose sanctions on its own initiative if it believes any party has violated Rule 11(b). Fed. R. Civ. P. 11(c)(3). Here, it is suggested that Plaintiff filed this lawsuit in bad faith and/or that the lawsuit was frivolous. *See* ECF No. 13. Rule 11 sanctions are not warranted if "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

establishing new law." Fed. R. Civ. P. 11(b)(2). Here, Plaintiff's complaint sought <u>interlocutory</u> review of the ALJ's refusal to dismiss Defendants' underlying OAH allegations. While the Ninth Circuit has ruled generally that interlocutory appeals from OAH proceedings are not appropriate, *see M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1090 (9th Cir. 2012), the facts of this case are not substantially identical to those of *M.M.* and the Ninth Circuit specifically declined therein to rule out whether "exceptions might be appropriate" to the general holding that a party must wait until the conclusion of the administrative proceedings to appeal an ALJ determination. *See id*. at 1090 n. 11. While, the Court believes the legal basis for Plaintiff's lawsuit was tenuous, it does not agree that it was technically frivolous or otherwise worthy of sanction. Accordingly, the motion for sanctions is DENIED.

### III. CONCLUSION AND ORDER

For the reasons set forth below, the motion for sanction is DENIED. As the underlying Complaint has been dismissed, the Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **November 14, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE

4